[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR JUDGMENT
This matter came before the court pursuant to a summons and complaint filed pro se by the plaintiff, Vincenta Soto against the defendant, Alexis Avelino. The complaint alleges that the defendant wrongfully placed a purchasers lien on property owned by the plaintiff and failed to release the lien after demand. The plaintiff seeks an order discharging the lien and damages. On September 3, 2002, a default entered against the defendant for failure to appear and the court finds on the basis of the evidence submitted on the record on September 9, 2002 that the defendant is not in the military service of the United States.
Based on the pleadings, the default, and the evidence submitted at the hearing held on September 9, 2002, the court further finds as follows:
1. On June 6, 2002, the defendant placed a "purchaser's lien" on the Bridgeport land records against property owned by the plaintiff and located at 410 Dover Street, Bridgeport, Connecticut. This purchaser's lien filed on the land records was without merit.
2. On or about June 6, 2000, the plaintiff made written demand that the defendant remove the purchaser's lien from the land records. Despite demand, the defendant failed and refused to remove this lien.
3. The defendant has not instituted an action to foreclose the lien within two years as provided under Section 49-92c of the General Statutes.
4. The defendant's failure to remove the lien was wrongful. The lien placed a cloud on the title and caused damages to the plaintiff. The plaintiff received and wanted to accept an offer to purchase the property, but was unable to proceed with the sale because of the lien and her inability to convey full, unencumbered title.
5. The plaintiff asserted a claim of $29,700 in damages. Much of these CT Page 11696 damages were incurred by the plaintiff and her husband for travel and personal expenses necessitated by their need to travel from Florida to Bridgeport to prosecute this action, but expenses such as these, incurred in order to prosecute the action, are not recoverable as a matter of law $13,549.84 of the damages demanded are for mortgage payments that the plaintiff would not have incurred if the defendant's purchaser's lien had not prevented her from selling the property. The court rejects the plaintiffs claim that the lien precluded her from renting the premises, and the rental of the premises would have mitigated these damages. Also, the lien remained for such a long period during the pendency of this lawsuit in part because the plaintiff is pro se status and is unfamiliarity with practice book procedures. Being guided by the rule that compensatory damages are to be fair, just and reasonable, the court finds that an award of $5,000 is appropriate.
 ORDERS
Therefore the court issues the following orders:
1. The "Purchaser's Lien" filed on the Bridgeport land records in Book 4360 at page 109 against property located at 410 Dover Street, Bridgeport, Connecticut is hereby discharged and released.
2. The plaintiff is awarded damages of $5,000 against the defendant.
So ordered this 13th day of September 2002.
 Barry Stevens Superior Court Judge
CT Page 11697